THE NATIONAL BANK OF NEENAH vs. KETCHUM, imp.

*February 24 — March 9, 1880.*

*Opening judgment for new trial.*

After a note running to plaintiff and indorsed by K. was past due, K. indorsed a second note, executed to plaintiff by the same makers, to take up the former; and this second note was delivered to plaintiff without requiring a surrender of the first. In an action on the second note, K. having made default, and judgment having gone against him as well as the makers, he afterwards, upon affidavits to excuse his default, moved to vacate the judgment against him and for leave to answer, on the ground that the second note was not to take effect except upon surrender of the first, and that plaintiff still held the first, and had refused to surrender it on demand. Plaintiff's counter affidavits tended to show that the first note had never been demanded, and that plaintiff had always been ready to surrender it; and it was in fact surrendered to one of the makers before the motion was heard. *Held,* that it does not appear that K. could have been injured by plaintiff's retention of the first note, or is injured by the judgment; and his motion was properly denied.

APPEAL from the Circuit Court for *Waupaca* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action was brought September 28, 1878, against *Ketchum* as indorser, and Isaac Brown, A. J. Fulton and

John W. Bishop, composing the firm of Brown, Fulton & Bishop, as makers, of a promissory note for $1,000, bearing date June 25, 1877, payable 90 days after date to said *Ketchum* or his order, and duly indorsed by *Ketchum* and delivered to the plaintiff. The summons was, on said 28th day of September, personally served upon all the defendants except Fulton, and was personally served on him on the 31st day of October, 1878. *Ketchum* did not answer the complaint within the time required by law. Brown answered, and admitted the making and delivering of the note, denied indebtedness to the amount claimed by the plaintiff, and set up a counterclaim for $25, which was admitted by the plaintiff. At the January term, 1879, judgment was entered against all the defendants for the amount due on the note, less $25. After the entry of such judgment, *Ketchum* made a motion to set aside his default and the judgment, and asked leave to file an answer; such motion being based upon the affidavits of himself, Brown and his attorneys, and his proposed answer. The motion was heard and denied on the 10th of April, 1879; and *Ketchum* appealed from the order."

The cause was submitted on the brief of *G. W. Cate*, of counsel, for the appellant, and that of *Webb & Cochran* for the respondent.

TAYLOR, J. We think the court was clearly right in refusing to set aside the judgment. The affidavit upon which the appellant founded his motion to set aside the default, does not show that he has any defense to the action. He states that the note sued upon was made, executed and delivered to the respondent for the sole purpose of paying and taking up a note then held by the respondent against Brown, Fulton & Bishop, which had been indorsed by him, and which was long since past due, and that the respondent had refused upon demand to give up or surrender such former note; that he supposed the note so indorsed by him had been given up, and did

not learn the contrary until the fourteenth day of January, 1879. Brown, in his affidavit, also swears that the note sued on was delivered to the plaintiff in payment of and to take up such first note, and that he demanded such first note of the plaintiff, and its surrender was refused; but he states no time when such demand was made, nor that he ever demanded a surrender of the note upon which this action is brought, on account of a refusal to deliver the other note. The affidavits read in opposition admit that the note sued on was given in payment of a former note held by the appellant against the same defendants, and which was then long past due and unpaid; deny that any demand was ever made of such former note; allege that they have always been ready and willing to deliver up the same when called for, and offer to deliver the same, and that afterwards and before this motion was heard, the same was delivered to and received by the defendant Brown.

Independent of the facts shown by the respondents on the hearing of the motion, there was no reason for setting aside the default. The appellant's proofs show that the note in payment of which the note sued upon was delivered to the respondent, was in the hands of the respondent at the time of the delivery of the second note, and was long past due. That note, therefore, was paid and fully satisfied by the delivery to and acceptance of the note in question, in this suit, by the respondent. The refusal to surrender it, if there had been such refusal, could not, therefore, work any damage to the appellant. Had he been sued upon his indorsement upon the first note, the facts which he states in his affidavit, if proved, would have been a perfect defense to such action. The note sued upon was given upon a sufficient consideration, to wit, the payment of the former note, and that consideration has not failed. The facts alleged in the affidavits upon which the motion was founded, do not show that the appellant has been injured by the retention of the former note by the respondent. The facts stated do not show that it was agreed between the parties that

the surrender of the former note should be a condition precedent to the taking effect of the note upon which this action is brought; and the fact that the same was delivered to the respondent before such other note was surrendered has a strong tendency to disprove the fact of any such condition precedent, or to prove that, if there was one, it was waived by the delivery of this note without requiring its surrender at the time.

The appellant's case, as made by his affidavits, admits that he is indebted to the respondent either upon the note sued upon or upon the former note, to the amount of the judgment against him; and his attempt to avoid the judgment, upon the grounds stated, fails to convince us that he has any defense upon the merits to the action. The judgment ought, therefore, to stand.

*By the Court.*— The order of the circuit court is affirmed.